**UNITED STATES BANKRUPTCY COURT**
**Western District of North Carolina**
**Wilkesboro Division**

Case No. 10–50239
Chapter 7

In Re: Debtor(s) (name(s) used in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| Barry Keith Deel | Rebecca Jill Ramsey–Deel |
| 124 Winghaven Court | 124 Winghaven Court |
| Mooresville, NC 28117 | Mooresville, NC 28117 |
| Social Security No.: xxx–xx–7008 | Social Security No.: xxx–xx–3766 |

# DISCHARGE OF JOINT DEBTORS

It appearing that the debtors are entitled to a discharge,

**IT IS ORDERED:**

The debtors are granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: March 9, 2011                                BY THE COURT

                                                                    J. Craig Whitley
                                                                    United States Bankruptcy Judge

Electronically filed and signed (3/9/11)

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**EXPLANATION OF BANKRUPTCY DISCHARGE
IN A CHAPTER 7 CASE**

This court order grants a discharge to the person(s) named in the order. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor(s), a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

    a. Debts for most taxes;

    b. Debts incurred to pay nondischargeable taxes;

    c. Debts that are domestic support obligations;

    d. Debts for most student loans;

    e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

    f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

    g. Some debts which were not properly listed by the debtor;

    h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

    i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

    j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**